UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY ALAN FETTEROLF,

        Petitioner,        Case No. 1:07-cv-792

v.        Honorable Janet T. Neff

THOMAS K. BELL,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed without prejudice for failure to exhaust available state-court remedies.

**Discussion**

I. Factual allegations

Petitioner is presently incarcerated at the Boyer Road Correctional Facility. After a jury trial, Petitioner was convicted of operating a motor vehicle under the influence of drugs, causing death, MICH. COMP. LAWS § 257.625(4), two counts of operating a motor vehicle under the influence of drugs, causing serious injury, MICH. COMP. LAWS § 257.625(5), possession of less than 25 grams of cocaine, MICH. COMP. LAWS § 333.7403(2)(a)(v), and possession of marijuana, MICH. COMP. LAWS § 333.7403(2)(d). *People v. Fetterolf,* No. 258484, 2006 WL 626167, at *1 (Mich. Ct. App. Mar. 14, 2006). He was sentenced to six and one-half to fifteen years' imprisonment for the operating a motor vehicle under the influence of drugs causing death conviction, three to five years' imprisonment for each of the operating a motor vehicle under the influence of drugs causing serious injury convictions, two to four years' imprisonment for the cocaine possession conviction, and one year imprisonment for the possession of marijuana conviction. *Id.*

The Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished opinion dated March 14, 2006. *See id.* Petitioner raised the following four issues before the Michigan Court of Appeals: (i) the trial court abused its discretion when it permitted two of the prosecution's expert witnesses to answer improper hypothetical questions and to render opinions on subjects beyond their areas of expertise; (ii) the trial court abused its discretion by allowing the prosecution's accident reconstruction expert to mix both fact and expert opinion testimony; (iii) the trial court abused its discretion when it permitted the prosecution to introduce evidence of closed containers of hard lemonade, which were found in Petitioner's vehicle following the accident; and (iv) the trial court committed reversible error when it failed to provide a supplemental instruction

on "substantial cause" after two requests by the jury. *Id.* at *1-3. On August 29, 2006, the Michigan Supreme Court denied Petitioner's application for leave to appeal because it was not persuaded that the questions presented should be reviewed by the court. *See People v. Fetterolf,* 720 N.W.2d 316 (Mich. 2006).

Petitioner now raises the following five grounds for habeas corpus relief: (i) the trial court violated federal law and Petitioner's due process and equal protection rights when it permitted two of the prosecution's expert witnesses to answer improper hypothetical questions and to render opinions on subjects beyond their areas of expertise; (ii) the trial court violated Petitioner's due process rights when it permitted the prosecution to introduce closed containers of hard lemonade as evidence found inside Petitioner's vehicle following the accident; (iii) the trial court violated Petitioner's due process rights when it failed to provide a supplemental instruction on "substantial cause" upon the jury's request; (iv) Petitioner was denied the effective assistance of trial and appellate counsel when trial counsel failed to raise claim (iii) in the trial court and appellate counsel also failed to raise claim (iii) in his appellate brief; and (v) Petitioner was denied the effective assistance of appellate counsel when counsel failed to raise claims (i), (ii) and (iii)[1]. (Br. at 1-4; docket #2.)

##### II. Failure to exhaust available state-court remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's

---

[1]This ground for habeas corpus relief is, in part, repetitive of ground (iv) because Petitioner argues that his appellate counsel was ineffective for failing to raise claim (iii) in both grounds (iv) and (v).

constitutional claim.  *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)).  To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court.  *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.

The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts.  *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.  Petitioner bears the burden of showing exhaustion.  *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  Petitioner cannot meet his burden because he cannot show that he raised any of his federal claims in the Michigan appellate courts.  Petitioner has attached to his petition copies of his submissions to the Michigan Court of Appeals and Supreme Court.  Petitioner's claims in the state appellate courts were all based on allegations of abuse of discretion or other issues of state law.  No federal claims appear.  His habeas claims of due process and equal protection violations and ineffective assistance of trial and appellate counsel are distinct legal claims that Petitioner must exhaust in the state courts.  Petitioner mistakenly asserts that his Sixth Amendment claims may be raised in federal court "anytime regardless of exhaustion." (Petition, p. 11).  This is incorrect.  Exhaustion requires a petitioner to "fairly present[]" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim.  *Picard v. Connor*, 404 U.S. 270, 275-77 (1971)

(cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fairly present a claim, it is not enough that all the facts necessary to support a federal claim were before the state court or that a somewhat similar state law claim was made. *See Anderson*, 459 U.S. at 6; *Harris v. Rees*, 794 F.2d 1168, 1174 (6th Cir. 1986); *see also Duncan*, 513 U.S. at 366 (mere similarity of claims is insufficient to exhaust). "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Duncan*, 513 U.S. at 365-66. Sixth Amendment claims, like any other constitutional claim, must first be exhausted in the state courts.

As stated above, Petitioner failed to exhaust his grounds for habeas corpus relief in the state courts. An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the unexhausted issues he has presented in this application. He may file a motion for relief from judgment under MICH. CT. R. 6.500 *et. seq*. Under Michigan law, one such motion may be filed after August 1, 1995. MICH. CT. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that Petitioner may raise his grounds for habeas corpus relief in a motion for relief from judgment.

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on August 29,

2006. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Lawrence v. Florida*, 127 S. Ct. 1079, 1083-084 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on November 28, 2006. *Bronaugh,* 235 F.3d at 285 (under FED. R. CIV. P. 6(a), the first day for counting purposes does not include the day of the act, event or default from which the designated period of time begins to run). Petitioner has one year, until November 28, 2007, in which to file his habeas petition.

In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a "mixed"[2] petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. The Court indicated that thirty days was a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days was a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies.[3] The instant case does not present a mixed petition because all of Petitioner's grounds for habeas corpus relief are unexhausted. It is unclear whether *Palmer* applies to a "non-mixed" petition. Assuming *Palmer* applies, Petitioner has more than sixty days remaining in the limitations period, and, thus, he is not in danger of running afoul of the statute of limitations so long as he diligently pursues his state court remedies. Therefore, a stay of these proceedings is not warranted.

## **Conclusion**

---

[2] A "mixed petition" is a habeas corpus petition that contains both exhausted and unexhausted claims.

[3] The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because he has failed to exhaust state court remedies.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of N.Y.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme

Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claim under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated:   September 7, 2007              /s/ Janet T. Neff
                                        JANET T. NEFF
                                        United States District Judge